# EXHIBIT I

**Brian Scott Smego**
235 East Oneida Ave.
Elmhurst IL 60126

June 3, 2015

Equifax Credit Information Services, Inc.
PO Box 740241
Atlanta, GA 30374

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

**In the Matter of:**
Brian Scott Smego
235 East Oneida Ave.
Elmhurst IL 60126
SSN: ████7485
Bankruptcy Case No. 14-21258, Chapter 13
Date of Bankruptcy Filing: 6/5/2014 , Discharge Date: 3/19/2015

Dear Sir or Madam:

For your reference I am enclosing a copy of the Order Discharging Debtor entered on 3/19/2015 in my Chapter 13 case. Please update the subject credit file(s) to reflect the discharged status of the debts as indicated on the Final Report from the Trustee. It is my understanding that the Fair Credit Reporting Act and the Regulations implemented by the Federal Trade Commission under the Act requires you to report a current balance of "0" on all of these accounts that have been discharged in my bankruptcy case.

To the extent that any of the discharged debts are reporting anything other than a "0" balance, please consider this letter as a Dispute under the Fair Credit Reporting Act. Consequently, I am requesting you to immediately activate the Automated Dispute Resolution System program with respect to this written notice, regarding each creditor listed on the attached Schedules D, E and F.

Specifically, I am requesting an investigation into the following accounts:

**JPMorgan Chase , account # xxxx3554.**
**Select Portfolio Servicing # xxxx8691**

1. These accounts were discharged in my bankruptcy No. 14-21258. The account status should be marked as "discharged" and here should be no derogatory reporting after the bankruptcy filing date. Please make the appropriate changes to this entry immediately.

2. These accounts were discharged in my bankruptcy No. 14-21258. The account status should be marked as "discharged" and the balance on this account should be "$0" Please make the appropriate changes to this entry immediately.

3. These accounts were discharged in my bankruptcy No. 14-21258. The account status should be marked as "discharged" and the past due on this account should be "$0" Please make the appropriate changes to this entry immediately.

## Brian Scott Smego
### 235 East Oneida Ave.
### Elmhurst IL 60126

4. This account was included in my bankruptcy No. 14-21258. The last activity date on this account should be no greater than the bankruptcy filing date shown above. However, this account is showing derogatory entries made after the date of my bankruptcy filing. These entries are improperly reducing my credit score and causing other related harm. They also give the reader a false impression regarding the delinquency history of this account. Please make the appropriate changes to this entry immediately.

This account was discharged in chapter 13 bankruptcy plan that allowed me to surrender the property with full satisfaction of the debt ( **Plan completed-All payments made according to plan-no further obligation).** Please review my chapter 13 plan enclosed.

It is also my understanding that pursuant to the Fair Credit Reporting Act you are required to conduct an investigation or reinvestigation of each of the items in my report that are disputed by me and that you will promptly notify me of the results of your investigation. In addition, it is my understanding that each of the above creditors is required to investigate my disputes upon receipt of notification from you of this information. In order to facilitate those investigations I request that you forward this letter, and the enclosures, to each of the creditors listed above. If for any reason you decline to send a copy of my letter and the enclosures to any of the creditors, I request that you promptly advise me so that I can take additional steps to protect myself.

Thank you for your assistance with this matter.

Sincerely,

Brian Scott Smego

Enclosures:

Discharge Order
Petition Schedules D, E & F
Chapter 13 Plan
Copy of Driver's License
Copy of SS Card
Copy of Confd Bill





Ron Scott Shiego
35 East Oneida Ave.
Elmhurst, IL 60126

Laser Substrates, Inc.™

1.800.538.4900
www.lasersub.com

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

7105 4522 6440 0000 2251

| | | |
|---|---|---|
| Postage | $0.69 | .92 |
| Certified Fee | $3.30 | 3.42 |
| Return Receipt Fee (Endorsement Required) | $2.55 | 2.80 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ 6.54 | 7.17 |

Postmark Here

Sent To
Equifax Credit Info Services Inc.
Street, Apt. No.; PO Box 740241
or PO Box No.;
City, State, ZIP+4 Atlanta, GA 30374

PS Form 3800, January 2013    See Reverse for Instructions

CERTIFIED MAIL™

RETURN RECEIPT REQUESTED

7105 4522 6440 0000 2251

Equifax Credit Info Services Inc.
PO Box 740241
Atlanta, GA 30374

Batch #: 284
Article #: 71054522644000002251
Date/Time: 5/28/2015 2:12:45 PM
Code:
Code2:
File #:
Internal File #:
Internal Code #:

① SEPARATE AT PERFORATION

② REMOVE LABEL AND RECEIPT FROM BACKING. PLACE LABEL AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS

**2. Article Number**

7105 4522 6440 0000 2251

**1. Article Addressed to:**

Equifax Credit Info Services Inc.
PO Box 740241
Atlanta, GA 30374

Reorder Form LCD-311 rev. 01/13
1-800-538-4800
www.printcertifiedmail.com

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type   ☒ Certified

4. Restricted Delivery? (Extra Fee)   ☐ Yes

PS Form 3811    Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sulaiman law Group, Ltd.
900 Jorie Blvd., Suite 150

Oak Brook, IL        60523

B. Smego

OPTIONAL LABEL

Batch #: 284
Article #: 71054522644000002251
Date/Time: 5/28/2015 2:12:45 PM
Code:
Code2:
File #:
Internal File #:
Internal Code #:

③  ← LIFT HERE

B18WJ (Form 18WJ) (08/07)

# United States Bankruptcy Court

## Northern District of Illinois
### Case No. 14-21258
### Chapter 13

In re: Debtors (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Brian Scott Smego
235 E. Oneida Avenue
Elmhurst, IL 60126

Melanie Diane Lee Smego
aka Melanie Diane Smego, dba
Interior Decor, ...
142 N. Caroline Ave.
Elmhurst, IL 60126

Social Security / Individual Taxpayer ID No.:
xxx–xx–7485

xxx–xx–8838

Employer Tax ID / Other nos.:

## DISCHARGE OF JOINT DEBTORS AFTER COMPLETION
## OF CHAPTER 13 PLAN

It appearing that the debtors are entitled to a discharge, **IT IS ORDERED:** The debtors are granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

If the trustee has filed and served a notice pursuant to Section B2 (b) of the debtors' plan, and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.

FOR THE COURT

Dated: March 19, 2015

Jeffrey P. Allsteadt, Clerk
United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B6D (Official Form 6D) (12/07)

In re **Brian Scott Smego,**
**Melanie Diane Lee Smego**,

Case No. _____

Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. xx-xx-xx3-029 Dupage County Circuit Court 421 N. County Farm Road Wheaton, IL 60187 | | | | J | Real Estate Taxes - Notice Only 142 N. Caroline Avenue Elmhurst, Illinois 60126 Single Family Dwelling Purchased in July 2006 (Purchase Price $650,000.00) Value Per Comps PIN#: 06-01-213-029 | | | | 0.00 | 0.00 |
| | | | | | Value $           660,000.00 | | | | | |
| Account No. xxxxxxx3554 JPMorgan Chase* 270 Park Avenue New York, NY 10017 | | | | J | Opened 9/01/07 Last Active 10/02/13 Second Mortgage 142 N. Caroline Avenue Elmhurst, Illinois 60126 Single Family Dwelling Purchased in July 2006 (Purchase Price $650,000.00) Value Per Comps | | | | 148,130.00 | 0.00 |
| | | | | | Value $           660,000.00 | | | | | |
| Account No. xxxxxx1582 MB Financial Services 36455 Corporate Drive Farmington Hills, MI 48331 | | | | H | Opened 2/01/11 Last Active 5/27/14 Vehicle Lien 2011 Mercedes Benz GLK 350 with 33,144 Miles Value Per KBB, PPV | | | | 18,009.00 | 0.00 |
| | | | | | Value $           22,776.00 | | | | | |
| Account No. MB Financial 475 E. 162 Street South Holland, IL 60473 | | | | | Additional Notice Sent To: MB Financial Services | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| **2**   continuation sheets attached | | | | | Subtotal (Total of this page) | | | | 166,139.00 | 0.00 |

B6D (Official Form 6D) (12/07) - Cont.

In re    **Brian Scott Smego,**                                    Case No. _____
         **Melanie Diane Lee Smego**
_____
                            Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. | | | | | | | | | | |
| MB Financial 4800 N. Western Avenue Chicago, IL 60625 | | | | | Additional Notice Sent To: MB Financial Services | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| MB Financial Services 800 West Madison Street Chicago, IL 60607 | | | | | Additional Notice Sent To: MB Financial Services | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| Account No. xxxxxxx4289 | | | | | Opened 4/01/14 Last Active 5/13/14 | | | | | |
| Nissan Infiniti Attn: Bankruptcy 8900 Freeport Parkway Irving, TX 75063 | | H | | | Vehicle Lease 2014 Infinity Q50 with 6,000 Miles (Lease) Value Per KBB, PPV | | | | 25,863.00 | 0.00 |
| | | | | | Value $          46,355.00 | | | | | |
| Account No. | | | | | | | | | | |
| Nissan Motor Acceptance * Po Box 660360 Dallas, TX 75266 | | | | | Additional Notice Sent To: Nissan Infiniti | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| Account No. xxxxxxxxx8691 | | | | | Opened 7/01/06 Last Active 10/01/13 First Mortgage | | | | | |
| Select Portfolio Servicing 3815 SW Temple Salt Lake City, UT 84165 | | J | | | 142 N. Caroline Avenue Elmhurst, Illinois 60126 Single Family Dwelling Purchased in July 2006 (Purchase Price $650,000.00) Value Per Comps | | | | 519,999.00 | 0.00 |
| | | | | | Value $          660,000.00 | | | | | |

Sheet __1__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

| | |
|---|---|
| 545,862.00 | 0.00 |

B6D (Official Form 6D) (12/07) - Cont.

In re    Brian Scott Smego,                              Case No. _____
         Melanie Diane Lee Smego
_____
                                    Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J/C | | | | | | |
| **Account No.** <br><br> Select Portfolio Servicing <br> PO Box 65250 <br> Salt Lake City, UT 84165 | | | | | Additional Notice Sent To: <br> Select Portfolio Servicing <br><br> Value $ | | | | Notice Only | |
| **Account No.** <br><br><br><br> | | | | | <br><br><br> Value $ | | | | | |
| **Account No.** <br><br><br><br> | | | | | <br><br><br> Value $ | | | | | |
| **Account No.** <br><br><br><br> | | | | | <br><br><br> Value $ | | | | | |
| **Account No.** <br><br><br><br> | | | | | <br><br><br> Value $ | | | | | |

Sheet **2** of **2** continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal <br> (Total of this page) | 0.00 | 0.00 |
| Total <br> (Report on Summary of Schedules) | 712,001.00 | 0.00 |

Case 14-21258    Doc 1    Filed 06/05/14    Entered 06/05/14 17:28:04    Desc Main
Document        Page 19 of 50

B6E (Official Form 6E) (4/13)

In re    **Brian Scott Smego,**                               Case No._____
**Melanie Diane Lee Smego**
_____
Debtors

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**0**    continuation sheets attached

B6F (Official Form 6F) (12/07)

In re    **Brian Scott Smego,**                                                        Case No. _____
**Melanie Diane Lee Smego**
_____
                                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J | | | | | |
| Account No. xxxxxxxxxxxx6771 | | | | | Opened 1/01/08 Last Active 4/25/14 Credit Card | | | | |
| Chase * ATTN: Bankruptcy Department P.O. Box 15298 Wilmington, DE 19850 | | H | | | | | | | 3,207.50 |
| Account No. | | | | | Additional Notice Sent To: Chase * | | | | |
| Chase * 3415 Vision Drive Mail Code OH4-7142 Columbus, OH 43219 | | | | | | | | | Notice Only |
| Account No. xxxxxxxxxx2613 | | | | | Credit Card | | | | |
| Chase * ATTN: Bankruptcy Department P.O. Box 15298 Wilmington, DE 19850 | | | W | | | | | | 4,000.00 |
| Account No. | | | | | Notice Only | | | | |
| Equifax Information Services, LLC 1550 Peachtree Street NW Atlanta, GA 30309 | | | | J | | | | | 0.00 |
| _1_  continuation sheets attached | | | | | | Subtotal (Total of this page) | | | 7,207.50 |

B6F (Official Form 6F) (12/07) - Cont.

In re    **Brian Scott Smego,**                                        Case No. _____
**Melanie Diane Lee Smego**
_____
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> Experian Information Solutions, Inc. <br> 475 Anton Boulevard <br> Costa Mesa, CA 92626 | | J | Notice Only | | | | <br><br>0.00 |
| Account No. <br><br> Trans Union LLC <br> 1561 E. Orangethorpe Avenue <br> Fullerton, CA 92831 | | J | Notice Only | | | | <br><br>0.00 |
| Account No. <br><br> | | | | | | | |
| Account No. <br><br> | | | | | | | |
| Account No. <br><br> | | | | | | | |

Sheet no. __1__ of __1__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | Subtotal <br> (Total of this page) | 0.00 |
|---|---|---|
| | Total <br> (Report on Summary of Schedules) | 7,207.50 |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                        Best Case Bankruptcy

Case 14-21258   Doc 2   Filed 06/05/14   Entered 06/05/14 17:28:22   Desc Main
Document   Page 1 of 5

Model Plan
11/22/2013

Trustee: ☐ Marshall   ☐ Meyer
☒ Stearns   ☐ Vaughn

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:                                                  Case No.
)
)
Brian Scott Smego                                       )
Melanie Diane Lee Smego                                 )
)
                    Debtors.          )    Original Chapter 13 Plan, dated June 3, 2014

☒   A check in this box indicates that the plan contains special provisions, set out in Section G.
Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the
time of the filing of this case.

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **2** ; (b) their ages are **40, 41, 7** ; (c) total household monthly income is $ **14,185.36** ; and (d) total monthly household expenses are $ **8,431.00** , leaving $ **5,754.36** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults*. If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection*. Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**1**

**Section C.**
*Direct payment of claims by debtor*

☒ The debtor will make no direct payments to creditors holding prepetition claims. /or/

☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J—increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters—directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor:  -NONE-                      , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ 1,277.00  monthly for  6  months [and $ monthly for an additional    months], for total payments, during the initial plan term, of $ 7,662.00 . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☒ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/

☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at 5.00% of plan payments; and during the initial plan term, totaling $ 383.10 . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

-NONE-

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ 0.00 . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rate and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor): (Except as stated in Section G. below.)

-NONE-

**2**

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __0.00__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section. -NONE-

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __0.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage. -NONE-

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim: __-NONE-__ shall be paid at __N/A__ % of the allowed amount. The total of all payments to this special class is estimated to be $ __N/A__ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: __N/A__ .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☒in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than __N/A__ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest.* ☐Interest shall not be paid on unsecured claims /or/ ☒ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of __3.25__ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims

**3**

listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

|  |  |  |  |
|---|---|---|---|
| **Section G.** *Special terms* | Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A. | | |

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) — $ 7,662.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):

| | | |
|---|---|---|
| (a) Trustee's fees | $ | 383.10 |
| (b) Current mortgage payments | $ | 0.00 |
| (c) Payments of other allowed secured claims | $ | 0.00 |
| (d) Priority payments to debtor's attorney | $ | 0.00 |
| (e) Payments of mortgage arrears | $ | 0.00 |
| (f) Payments of non-attorney priority claims | $ | 0.00 |
| (g) Payments of specially classified unsecured claims | $ | 0.00 |
| (h) Total [add Lines 2a through 2g] | $ | 383.10 |

(3) Estimated payments available for GUCs and interest during initial plan term [subtract Line 2h from Line 1] — $ 7,278.90

(4) Estimated payments required after initial plan term:

| | | |
|---|---|---|
| (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ | 7,207.50 |
| (b) Minimum GUC payment percentage | | 100 % |
| (c) Estimated minimum GUC payment [multiply line 4a by line 4b] | $ | 7,207.50 |
| (d) Estimated interest payments on unsecured claims | $ | 68.46 |
| (e) Total of GUC and interest payments [add Lines 4c and 4d] | $ | 7,275.96 |
| (f) Payments available during initial term [enter Line 3] | $ | 7,278.90 |
| (g) Additional payments required [subtract Line 4f from Line 4e] | $ | -2.94 |

(5) Additional payments available:

| | | |
|---|---|---|
| (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ | N/A |
| (b) Months in maximum plan term after initial term | | N/A |
| (c) Payments available [multiply line 5a by line 5b] | $ | N/A |

**Section I.**
*Payroll Control*

☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures   Debtor(s) [Sign only if not represented by an attorney]**

4

_____    _____    Date _____

**Debtor's Attorney**    /s/ Nathan Volheim    Date  June 3, 2014

*Attorney Information*    Nathan Volheim
*(name, address,*         Sulaiman Law Group, Ltd.
*telephone, etc.)*        900 Jorie Boulevard
                          Suite 150
                          Oak Brook, IL 60523
                          630-575-8181
                          Fax: 630-575-8188

### Special Terms *[as provided in Paragraph G]*

Special Intentions:

1. Debtors are surrendering the real property located at 142 N. Caroline, Elmhurst, Illinois to Select Portfolio Servicing and JPMorgan Chase in full satisfaction of their claims.

2. Debtors shall make direct payments to Nissan Infiniti for the 2014 Infinity Q50. Nissan Infiniti is authorized to send monthly statements directly to the Debtors.

3. Debtors shall make direct payments to MB Financial Services for the 2011 Mercedes Benz GLK 350. MB Financial Services is authorized to send monthly statements directly to the Debtors.

4. Unsecured claims filed after the claim bar date shall not be paid by the Chapter 13 Trustee.

5. Debtor shall assume the residential lease.

Software Copyright (c) 1996-2014  Best Case, LLC - www.bestcase.com

Best Case Bankruptcy





**ComEd.**
An Exelon Company

Issued 6/2/15    Account # ▓▓▓▓1095

**SERVICE FROM 5/1/15 THROUGH 6/2/15** (32 DAYS)
Residential - Single

Brian Smego
235 Oneida Ave
Elmhurst, IL 60126
312.240.1518

**Payment Deducted on 6/24/15    $78.20**

Thank you for your payments totaling $74.89.

**TOTAL USAGE (kWh)**

2014                                    2015



JUN JUL AUG SEP OCT NOV DEC JAN FEB MAR APR MAY JUN

Current month's reading is actual.
*Non-regular Billing Period

**AVERAGE DAILY USE** (monthly usage/days in period)



16.5

| Last Month.      50° avg. temp | Last Year |
|---|---|
| 15.9 kWh | Not Available. |

💡 Ten 100W light bulbs for 1 hour = 1 kWh

**CURRENT CHARGES SUMMARY**
See reverse side for details ➬

 **SUPPLY**
$36.89

ComEd provides your energy.

ComEd.com
1.800.334.7661

**$78.20**



**DELIVERY** ⚡
$33.47

ComEd delivers electricity to your home.

ComEd.com
1.800.334.7661

You can choose at PluginIllinois.org

**TAXES & FEES** $7.84

Return only this portion with your check made payable to ComEd. Please write your account number on your check.

**ComEd.**
An Exelon Company



17828 2 AV 0.366  572ME17828AV11483 087 91 OXMEDA    1167960 00033815
BRIAN SMEGO
235 E ONEIDA AVE
ELMHURST IL 60126-4511

**Pay your bill online, by phone or by mail.**
See reverse side for more info ➬

Account # ▓▓▓▓1095

**Payment Deducted on 6/24/15    $78.20**

Payment Amount:

COMED
PO BOX 6111
CAROL STREAM, IL 60197-6111

**Brian Scott Smego**
235 East Oneida Ave.
Elmhurst IL 60126

June 3, 2015

TransUnion Consumer Solutions
PO Box 2000
Chester, PA 19022-2000

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

In the Matter of:
Brian Scott Smego
235 East Oneida Ave.
Elmhurst IL 60126
SSN: ███████7485
Bankruptcy Case No. 14-21258, Chapter 13
Date of Bankruptcy Filing: 6/5/2014 , Discharge Date: 3/19/2015

Dear Sir or Madam:

For your reference I am enclosing a copy of the Order Discharging Debtor entered on 3/19/2015 in my Chapter 13 case. Please update the subject credit file(s) to reflect the discharged status of the debts as indicated on the Final Report from the Trustee. It is my understanding that the Fair Credit Reporting Act and the Regulations implemented by the Federal Trade Commission under the Act requires you to report a current balance of "0" on all of these accounts that have been discharged in my bankruptcy case.

To the extent that any of the discharged debts are reporting anything other than a "0" balance, please consider this letter as a Dispute under the Fair Credit Reporting Act. Consequently, I am requesting you to immediately activate the Automated Dispute Resolution System program with respect to this written notice, regarding each creditor listed on the attached Schedules D, E and F.

Specifically, I am requesting an investigation into the following accounts:

**JPMorgan Chase , account # xxxx3554.**
**Select Portfolio Servicing # xxxx8691**

1. These accounts were discharged in my bankruptcy No. 14-21258. The account status should be marked as "discharged" and here should be no derogatory reporting after the bankruptcy filing date. Please make the appropriate changes to this entry immediately.

2. These accounts were discharged in my bankruptcy No. 14-21258. The account status should be marked as "discharged" and the balance on this account should be "$0" Please make the appropriate changes to this entry immediately.

3. These accounts were discharged in my bankruptcy No. 14-21258. The account status should be marked as "discharged" and the past due on this account should be "$0" Please make the appropriate changes to this entry immediately.

**Brian Scott Smego**
235 East Oneida Ave.
Elmhurst IL 60126

4. These accounts were included in my bankruptcy No. 14-21258. The last activity date on this account should be no greater than the bankruptcy filing date shown above. However, this account is showing derogatory entries made after the date of my bankruptcy filing. These entries are improperly reducing my credit score and causing other related harm. They also give the reader a false impression regarding the delinquency history of this account. Please make the appropriate changes to this entry immediately.

the    These accounts were discharged in chapter 13 bankruptcy plan that allowed me to surrender property with full satisfaction of the debt(**Plan completed-All payments made according to plan-no further obligation**). Please review my chapter 13 plan enclosed.

It is also my understanding that pursuant to the Fair Credit Reporting Act you are required to conduct an investigation or reinvestigation of each of the items in my report that are disputed by me and that you will promptly notify me of the results of your investigation. In addition, it is my understanding that each of the above creditors is required to investigate my disputes upon receipt of notification from you of this information. In order to facilitate those investigations I request that you forward this letter, and the enclosures, to each of the creditors listed above. If for any reason you decline to send a copy of my letter and the enclosures to any of the creditors, I request that you promptly advise me so that I can take additional steps to protect myself.

Thank you for your assistance with this matter.

Sincerely,

Brian Scott Smego

Enclosures:          Discharge Order
                     Petition Schedules D, E & F
                     Chapter 13 Plan
                     Copy of Driver's License
                     Copy of SS Card
                     Copy of ComEd bill





Brian Scott Smego
255 East Oneida Ave.
Elmhurst, IL 60126

LaserSubstrates, Inc.™

1.800.538.4900
www.lasersub.com

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

7105 4522 6440 0000 2237

| | | |
|---|---|---|
| Postage | $ | .92 |
| | $0.69 | |
| Certified Fee | $3.30 | 3.42 |
| Return Receipt Fee (Endorsement Required) | $2.55 | 2.80 Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $6.54 | 7.17 |

Sent To
TransUnion Consumer Solutions

Street, Apt. No.; or PO Box No.
PO Box 2000

City, State, Zip+4
Chester, PA 19022-2000

Code: TU
Code2: TU2

PS Form 3800, January 2013     See Reverse for Instructions

**CERTIFIED MAIL**
RETURN RECEIPT REQUESTED

7105 4522 6440 0000 2237

TransUnion Consumer Solutions
PO Box 2000
Chester, PA 19022-2000

Batch #: 282
Article #: 71054522644000002237
Date/Time: 5/28/2015 2:12:16 PM
Code: TU
Code2: TU2
File #:
Internal File #:
Internal Code #:

① SEPARATE AT PERFORATION

**2. Article Number**

7105 4522 6440 0000 2237

1. Article Addressed to:

TransUnion Consumer Solutions
PO Box 2000
Chester, PA 19022-2000

Code: TU
Code2: TU2

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type   ☒ Certified

4. Restricted Delivery? (Extra Fee)   ☐ Yes

PS Form 3811,     Domestic Return Receipt

Reorder Form LCD-811 Rev. 01/13
1-800-538-4900
www.printcertifiedmail.com

② REMOVE LABEL AND RECEIPT FROM BACKING. PLACE LABEL AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS

**UNITED STATES POSTAL SERVICE**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sulaiman law Group, Ltd.
900 Jorie Blvd., Suite 150

Oak Brook, IL          60523

B. Smego

Batch #: 282
Article #: 71054522644000002237
Date/Time: 5/28/2015 2:12:15 PM
Code: TU
Code2: TU2
File #:
Internal File #:
Internal Code #:

OPTIONAL LABEL

③ → LIFT HERE

B18WJ (Form 18WJ) (08/07)

# United States Bankruptcy Court

### Northern District of Illinois
### Case No. 14-21258
### Chapter 13

In re: Debtors (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Brian Scott Smego
235 E. Oneida Avenue
Elmhurst, IL 60126

Melanie Diane Lee Smego
aka Melanie Diane Smego, dba
Interior Decor, ...
142 N. Caroline Ave.
Elmhurst, IL 60126

Social Security / Individual Taxpayer ID No.:
xxx–xx–7485

xxx–xx–8838

Employer Tax ID / Other nos.:

## DISCHARGE OF JOINT DEBTORS AFTER COMPLETION
## OF CHAPTER 13 PLAN

It appearing that the debtors are entitled to a discharge, **IT IS ORDERED:** The debtors are granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

If the trustee has filed and served a notice pursuant to Section B2 (b) of the debtors' plan, and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.

FOR THE COURT

Dated: March 19, 2015

Jeffrey P. Allsteadt, Clerk
United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Case 14-21258   Doc 1   Filed 06/05/14   Entered 06/05/14 17:28:04   Desc Main
Document   Page 20 of 50

B6F (Official Form 6F) (12/07)

In re   Brian Scott Smego,                                    Case No. _____
        Melanie Diane Lee Smego
                                          Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J/C | | | | | |
| Account No. xxxxxxxxxxxx6771 <br><br> Chase * <br> ATTN: Bankruptcy Department <br> P.O. Box 15298 <br> Wilmington, DE 19850 | | H | | | Opened 1/01/08  Last Active 4/25/14 <br> Credit Card | | | | 3,207.50 |
| Account No. <br><br> Chase * <br> 3415 Vision Drive <br> Mail Code OH4-7142 <br> Columbus, OH 43219 | | | | | Additional Notice Sent To: <br> Chase * | | | | Notice Only |
| Account No. xxxxxxxxxx2613 <br><br> Chase * <br> ATTN: Bankruptcy Department <br> P.O. Box 15298 <br> Wilmington, DE 19850 | | | W | | Credit Card | | | | 4,000.00 |
| Account No. <br><br> Equifax Information Services, LLC <br> 1550 Peachtree Street NW <br> Atlanta, GA 30309 | | | | J | Notice Only | | | | 0.00 |
| __1__  continuation sheets attached | | | | | Subtotal <br> (Total of this page) | | | | 7,207.50 |

Case 14-21258    Doc 1    Filed 06/05/14    Entered 06/05/14 17:28:04    Desc Main
Document    Page 21 of 50

B6F (Official Form 6F) (12/07) - Cont.

In re    **Brian Scott Smego,**
         **Melanie Diane Lee Smego**

Case No. _____

Debtors

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. | | | | | Notice Only | | | | |
| Experian Information Solutions, Inc. 475 Anton Boulevard Costa Mesa, CA 92626 | | | J | | | | | | 0.00 |
| Account No. | | | | | Notice Only | | | | |
| Trans Union LLC 1561 E. Orangethorpe Avenue Fullerton, CA 92831 | | | J | | | | | | 0.00 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet no. __1__ of __1__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | 0.00 |
| Total (Report on Summary of Schedules) | 7,207.50 |

Case 14-21258    Doc 1    Filed 06/05/14    Entered 06/05/14 17:28:04    Desc Main
Document    Page 19 of 50

B6E (Official Form 6E) (4/13)

In re   **Brian Scott Smego,**                                          Case No. _____
        **Melanie Diane Lee Smego**
_____
                                    Debtors

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_____

\* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**0**    continuation sheets attached

Case 14-21258   Doc 1   Filed 06/05/14   Entered 06/05/14 17:28:04   Desc Main
Document      Page 16 of 50

B6D (Official Form 6D) (12/07)

In re    Brian Scott Smego,                                    Case No. _____
         Melanie Diane Lee Smego
                                             Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xx-xx-xx3-029<br><br>Dupage County Circuit Court<br>421 N. County Farm Road<br>Wheaton, IL 60187 | | J | Real Estate Taxes - Notice Only<br>142 N. Caroline Avenue<br>Elmhurst, Illinois 60126<br>Single Family Dwelling<br>Purchased in July 2006 (Purchase Price $650,000.00)<br>Value Per Comps<br>PIN#: 06-01-213-029 | | | | | |
| | | | Value $               660,000.00 | | | | 0.00 | 0.00 |
| Account No. xxxxxxxx3554<br><br>JPMorgan Chase*<br>270 Park Avenue<br>New York, NY 10017 | | J | Opened  9/01/07  Last Active 10/02/13<br>Second Mortgage<br>142 N. Caroline Avenue<br>Elmhurst, Illinois 60126<br>Single Family Dwelling<br>Purchased in July 2006 (Purchase Price $650,000.00)<br>Value Per Comps | | | | | |
| | | | Value $               660,000.00 | | | | 148,130.00 | 0.00 |
| Account No. xxxxxx1582<br><br>MB Financial Services<br>36455 Corporate Drive<br>Farmington Hills, MI 48331 | | H | Opened  2/01/11  Last Active  5/27/14<br><br>Vehicle Lien<br><br>2011 Mercedes Benz GLK 350 with 33,144 Miles<br>Value Per KBB, PPV | | | | | |
| | | | Value $                 22,776.00 | | | | 18,009.00 | 0.00 |
| Account No.<br><br>MB Financial<br>475 E. 162 Street<br>South Holland, IL 60473 | | | Additional Notice Sent To:<br>MB Financial Services | | | | Notice Only | |
| | | | Value $ | | | | | |
| __2__   continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | 166,139.00 | 0.00 |

Case 14-21258   Doc 1   Filed 06/05/14   Entered 06/05/14 17:28:04   Desc Main
Document      Page 17 of 50

B6D (Official Form 6D) (12/07) - Cont.

In re   **Brian Scott Smego,**                              Case No. _____
         **Melanie Diane Lee Smego**

                                        Debtors

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| **Account No.** | | | | | | | | | | |
| MB Financial 4800 N. Western Avenue Chicago, IL 60625 | | | | | Additional Notice Sent To: MB Financial Services | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| **Account No.** | | | | | | | | | | |
| MB Financial Services 800 West Madison Street Chicago, IL 60607 | | | | | Additional Notice Sent To: MB Financial Services | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| **Account No.** xxxxxxx4289 | | | | | Opened 4/01/14  Last Active 5/13/14 Vehicle Lease 2014 Infinity Q50 with 6,000 Miles (Lease) Value Per KBB, PPV | | | | | |
| Nissan Infiniti Attn: Bankruptcy 8900 Freeport Parkway Irving, TX 75063 | | H | | | | | | | | |
| | | | | | Value $         46,355.00 | | | | 25,863.00 | 0.00 |
| **Account No.** | | | | | | | | | | |
| Nissan Motor Acceptance * Po Box 660360 Dallas, TX 75266 | | | | | Additional Notice Sent To: Nissan Infiniti | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| **Account No.** xxxxxxxxx8691 | | | | | Opened 7/01/06  Last Active 10/01/13 First Mortgage 142 N. Caroline Avenue Elmhurst, Illinois 60126 Single Family Dwelling Purchased in July 2006 (Purchase Price $650,000.00) Value Per Comps | | | | | |
| Select Portfolio Servicing 3815 SW Temple Salt Lake City, UT 84165 | | J | | | | | | | | |
| | | | | | Value $        660,000.00 | | | | 519,999.00 | 0.00 |

Sheet **1** of **2**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)                                                    545,862.00          0.00

Case 14-21258   Doc 1   Filed 06/05/14   Entered 06/05/14 17:28:04   Desc Main
Document   Page 18 of 50

B6D (Official Form 6D) (12/07) - Cont.

In re    **Brian Scott Smego,**
**Melanie Diane Lee Smego**

Case No. _____

_____
Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. | | | | | | | | | | |
| **Select Portfolio Servicing** **PO Box 65250** **Salt Lake City, UT 84165** | | | | | **Additional Notice Sent To:** **Select Portfolio Servicing** | | | | **Notice Only** | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |

Sheet __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)   **0.00**   **0.00**

Total
(Report on Summary of Schedules)   **712,001.00**   **0.00**

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Model Plan
11/22/2013

Trustee: ☐ Marshall   ☐ Meyer
☒ Stearns   ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:                                           )   **Case No.**
                                                 )
Brian Scott Smego                                )
Melanie Diane Lee Smego                          )
                                                 )
            **Debtors.**                         )   **Original Chapter 13 Plan, dated** June 3, 2014

☒       **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**
**Budget**
**items**

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is  2 ; (b) their ages are  40, 41, 7 ; (c) total household monthly income is $ 14,185.36 ; and (d) total monthly household expenses are $ 8,431.00 , leaving $ 5,754.36  available monthly for plan payments.

2. The debtor's Schedule J includes $ N/A  for charitable contributions; the debtor represents that the debtor made substantially similar contributions for  N/A  months prior to filing this case.

**Section B.**
**General**
**items**

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected.  Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

1

**Section C.**
*Direct payment of claims by debtor*

☒ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J--increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

    Creditor:  -NONE-_____ , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ 1,277.00 monthly for 6 months [and $ monthly for an additional months], for total payments, during the initial plan term, of $ 7,662.00 . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☒ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at 5.00% of plan payments; and during the initial plan term, totaling $ 383.10 . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

-NONE-

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ 0.00 . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rate and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):   (Except as stated in Section G. below.)

-NONE-

2

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ _0.00_ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section. -NONE-

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ _0.00_ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage. -NONE-

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ _0.00_ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim: _-NONE-_ shall be paid at _N/A_ % of the allowed amount. The total of all payments to this special class is estimated to be $ _N/A_ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: _N/A_ .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ⊠ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than _N/A_ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest.* ☐ Interest shall not be paid on unsecured claims /or/ ⊠ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of _3.25_ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
***Priority***

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims

3

listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) — $ 7,662.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):

| | | |
|---|---|---|
| (a) Trustee's fees | $ | 383.10 |
| (b) Current mortgage payments | $ | 0.00 |
| (c) Payments of other allowed secured claims | $ | 0.00 |
| (d) Priority payments to debtor's attorney | $ | 0.00 |
| (e) Payments of mortgage arrears | $ | 0.00 |
| (f) Payments of non-attorney priority claims | $ | 0.00 |
| (g) Payments of specially classified unsecured claims | $ | 0.00 |
| (h) Total *[add Lines 2a through 2g]* | $ | 383.10 |

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* — $ 7,278.90

(4) Estimated payments required after initial plan term:

| | | |
|---|---|---|
| (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ | 7,207.50 |
| (b) Minimum GUC payment percentage | | 100 % |
| (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ | 7,207.50 |
| (d) Estimated interest payments on unsecured claims | $ | 68.46 |
| (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ | 7,275.96 |
| (f) Payments available during initial term *[enter Line 3]* | $ | 7,278.90 |
| (g) Additional payments required *[subtract Line 4f from Line 4e]* | $ | -2.94 |

(5) Additional payments available:

| | | |
|---|---|---|
| (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ | N/A |
| (b) Months in maximum plan term after initial term | | N/A |
| (c) Payments available *[multiply line 5a by line 5b]* | $ | N/A |

**Section I.**
*Payroll Control*

☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures   Debtor(s) [Sign only if not represented by an attorney]**

4

Case 14-21258    Doc 2    Filed 06/05/14    Entered 06/05/14 17:28:22    Desc Main
Document    Page 5 of 5

_____    _____    **Date** _____

**Debtor's Attorney**    /s/ Nathan Volheim    _____    **Date** June 3, 2014

*Attorney Information
(name, address,
telephone, etc.)*

| Nathan Volheim |
| Sulaiman Law Group, Ltd. |
| 900 Jorie Boulevard |
| Suite 150 |
| Oak Brook, IL 60523 |
| 630-575-8181 |
| Fax: 630-575-8188 |

**Special Terms** *[as provided in Paragraph G]*

**Special Intentions:**

1. Debtors are surrendering the real property located at 142 N. Caroline, Elmhurst, Illinois to Select Portfolio Servicing and JPMorgan Chase in full satisfaction of their claims.

2. Debtors shall make direct payments to Nissan Infiniti for the 2014 Infinity Q50. Nissan Infiniti is authorized to send monthly statements directly to the Debtors.

3. Debtors shall make direct payments to MB Financial Services for the 2011 Mercedes Benz GLK 350. MB Financial Services is authorized to send monthly statements directly to the Debtors.

4. Unsecured claims filed after the claim bar date shall not be paid by the Chapter 13 Trustee.

5. Debtor shall assume the residential lease.

5







An Exelon Company

Issued 6/2/15  Account [REDACTED]095

**Payment Deducted on 6/24/15    $78.20**

Thank you for your payments totaling $74.89.

## SERVICE FROM 5/1/15 THROUGH 6/2/15 (32 DAYS)
**Residential - Single**

Brian Smego
235 Oneida Ave
Elmhurst, IL 60126
312.240.1518

## TOTAL USAGE (kWh)

2014                              2015



JUN  JUL  AUG  SEP  OCT  NOV  DEC  JAN  FEB  MAR  APR  MAY  JUN

*Current month's reading is actual.
*Non-regular Billing Period

## AVERAGE DAILY USE (monthly usage/days in period)



16.5

| Last Month | 50° avg. temp | Last Year |
|---|---|---|
| 15.9 kWh | | Not Available |

💡 Ten 100W light bulbs for 1 hour = 1 kWh

## CURRENT CHARGES SUMMARY
See reverse side for details ☞

 **SUPPLY**
$36.89



$78.20

**DELIVERY**
$33.47

ComEd provides your energy.

ComEd.com
1.800.334.7661

ComEd delivers electricity to your home.

ComEd.com
1.800.334.7661

You can choose at PlugInIllinois.org

**TAXES & FEES** $7.84



An Exelon Company

Return only this portion with your check made payable to ComEd. Please write your account number on your check.

17B2B 2 AV 0.388  .572a017626b011463.057.01 GXH6GX.   .1467892C 06932016
BRIAN SMEGO
235 E. ONEIDA AVE
ELMHURST IL  60126-4511

**Pay your bill online, by phone or by mail.**
See reverse side for more info ☞

Account # [REDACTED]095

COMED
PO BOX 6111
CAROL STREAM, IL 60197-6111

**Payment Deducted on 6/24/15    $78.20**

Payment Amount:

## Brian Scott Smego
235 East Oneida Ave.
Elmhurst IL 60126

June 3, 2015

Experian
PO Box 2002
Allen, TX 75013

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

**In the Matter of:**
Brian Scott Smego
235 East Oneida Ave.
Elmhurst IL 60126
SSN: ████████485
Bankruptcy Case No. 14-21258, Chapter 13
Date of Bankruptcy Filing: 6/5/2014 , Discharge Date: 3/19/2015

Dear Sir or Madam:

For your reference I am enclosing a copy of the Order Discharging Debtor entered on 3/19/2015 in my Chapter 13 case. Please update the subject credit file(s) to reflect the discharged status of the debts as indicated on the Final Report from the Trustee. It is my understanding that the Fair Credit Reporting Act and the Regulations implemented by the Federal Trade Commission under the Act requires you to report a current balance of "0" on all of these accounts that have been discharged in my bankruptcy case.

To the extent that any of the discharged debts are reporting anything other than a "0" balance, please consider this letter as a Dispute under the Fair Credit Reporting Act. Consequently, I am requesting you to immediately activate the Automated Dispute Resolution System program with respect to this written notice, regarding each creditor listed on the attached Schedules D, E and F.

Specifically, I am requesting an investigation into the following accounts:

**JPMorgan Chase , account # xxxx3554.**
**Select Portfolio Servicing # xxxx8691**

1. These accounts were discharged in my bankruptcy No. 14-21258. The account status should be marked as "discharged" and here should be no derogatory reporting after the bankruptcy filing date. Please make the appropriate changes to this entry immediately.

2. These accounts were discharged in my bankruptcy No. 14-21258. The account status should be marked as "discharged" and the balance on this account should be "$0" Please make the appropriate changes to this entry immediately.

3. These accounts were discharged in my bankruptcy No. 14-21258. The account status should be marked as "discharged" and the past due on this account should be "$0" Please make the appropriate changes to this entry immediately.

# Brian Scott Smego
## 235 East Oneida Ave.
## Elmhurst IL 60126

4. These accounts were included in my bankruptcy No. 14-21258. The last activity date on this account should be no greater than the bankruptcy filing date shown above. However, this account is showing derogatory entries made after the date of my bankruptcy filing. These entries are improperly reducing my credit score and causing other related harm. They also give the reader a false impression regarding the delinquency history of this account. Please make the appropriate changes to this entry immediately.

These accounts were discharged in chapter 13 bankruptcy plan that allowed me to surrender the property with full satisfaction of the debt ( **Plan completed-All payments made according to plan-no further obligation).** Please review my chapter 13 plan enclosed.

It is also my understanding that pursuant to the Fair Credit Reporting Act you are required to conduct an investigation or reinvestigation of each of the items in my report that are disputed by me and that you will promptly notify me of the results of your investigation. In addition, it is my understanding that each of the above creditors is required to investigate my disputes upon receipt of notification from you of this information. In order to facilitate those investigations I request that you forward this letter, and the enclosures, to each of the creditors listed above. If for any reason you decline to send a copy of my letter and the enclosures to any of the creditors, I request that you promptly advise me so that I can take additional steps to protect myself.

Thank you for your assistance with this matter.

Sincerely,

Brian Scott Smego

Enclosures:     Discharge Order
                Petition Schedules D, E & F
                Chapter 13 Plan
                Copy of Driver's License
                Copy of SS Card
                Copy of ComEd Bill

Allen Scott Smego
2N05 East Oneida Ave.
Elmhurst, IL 60126





LaserSubstrates, Inc.™

1.800.538.4900
www.lasersub.com

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

7105 4522 6440 0000 2244

| | | |
|---|---|---|
| Postage | $ | .92 |
| Certified Fee | $0.60 | 3.42 |
| Return Receipt Fee (Endorsement Required) | $8.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $2.66 | 2.80 |
| Total Postage & Fees | $0.00 | |
| | $8.54 | 7.17 |

Sent To
Experian
Street, Apt. No.; or PO Box No.    PO Box 2002
City, State, ZIP+4    Allen, TX 75013
B. Smego

PS Form 3800, January 2013    See Reverse for Instructions

7105 4522 6440 0000 2244
RETURN RECEIPT REQUESTED

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Experian
PO Box 2002
Allen, TX 75013

Batch #: 283
Article #: 71054522644000002244
Date/Time: 5/28/2015 2:12:30 PM
Code:
Code2:
File #:
Internal File #:
Internal Code #:

① SEPARATE AT PERFORATION

**2. Article Number**

7105 4522 6440 0000 2244

Reorder Form LGD-811 rev. 01/13.
1-800-538-4900
www.printaocertifiedmail.com

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    ☐ Agent
     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:

Experian
PO Box 2002
Allen, TX 75013

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type    ☒ Certified

4. Restricted Delivery? (Extra Fee)    ☐ Yes

PS Form 3811    Domestic Return Receipt

② REMOVE LABEL AND RECEIPT FROM BACKING, PLACE LABEL AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sulaiman law Group, Ltd.
900 Jorie Blvd., Suite 150

Oak Brook, IL          60523

B. Smego

OPTIONAL LABEL

Batch #: 283
Article #: 71054522644000002244
Date/Time: 5/28/2015 2:12:30 PM
Code:
Code2:
File #:
Internal File #:
Internal Code #:

③    ← LIFT HERE

Case 14-21258   Doc 27   Filed 03/19/15   Entered 03/19/15 08:51:18   Desc Ord Dsch
Ch13 After Completion   Page 1 of 2

B18WJ (Form 18WJ) (08/07)

# United States Bankruptcy Court

## Northern District of Illinois
### Case No. 14–21258
### Chapter 13

In re: Debtors (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Brian Scott Smego
235 E. Oneida Avenue
Elmhurst, IL 60126

Melanie Diane Lee Smego
aka Melanie Diane Smego, dba
Interior Decor, ...
142 N. Caroline Ave.
Elmhurst, IL 60126

Social Security / Individual Taxpayer ID No.:
    xxx–xx–7485                                    xxx–xx–8838

Employer Tax ID / Other nos.:


## DISCHARGE OF JOINT DEBTORS AFTER COMPLETION OF CHAPTER 13 PLAN

It appearing that the debtors are entitled to a discharge, **IT IS ORDERED:** The debtors are granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

If the trustee has filed and served a notice pursuant to Section B2 (b) of the debtors' plan, and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.


FOR THE COURT


Dated: March 19, 2015                    Jeffrey P. Allsteadt, Clerk
                                         United States Bankruptcy Court


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Case 14-21258   Doc 1   Filed 06/05/14   Entered 06/05/14 17:28:04   Desc Main
Document   Page 16 of 50

B6D (Official Form 6D) (12/07)

In re   Brian Scott Smego,                                    Case No. _____
        Melanie Diane Lee Smego

                                         Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. xx-xx-xx3-029 <br><br> Dupage County Circuit Court <br> 421 N. County Farm Road <br> Wheaton, IL 60187 | | | | J | Real Estate Taxes - Notice Only <br> 142 N. Caroline Avenue <br> Elmhurst, Illinois 60126 <br> Single Family Dwelling <br> Purchased in July 2006 (Purchase Price $650,000.00) <br> Value Per Comps <br> PIN#: 06-01-213-029 | | | | | |
| | | | | | Value $                          660,000.00 | | | | 0.00 | 0.00 |
| Account No. xxxxxxx3554 <br><br> JPMorgan Chase* <br> 270 Park Avenue <br> New York, NY 10017 | | | | J | Opened 9/01/07 Last Active 10/02/13 <br> Second Mortgage <br> 142 N. Caroline Avenue <br> Elmhurst, Illinois 60126 <br> Single Family Dwelling <br> Purchased in July 2006 (Purchase Price $650,000.00) <br> Value Per Comps | | | | | |
| | | | | | Value $                          660,000.00 | | | | 148,130.00 | 0.00 |
| Account No. xxxxx1582 <br><br> MB Financial Services <br> 36455 Corporate Drive <br> Farmington Hills, MI 48331 | | H | | | Opened 2/01/11 Last Active 5/27/14 <br><br> Vehicle Lien <br><br> 2011 Mercedes Benz GLK 350 with 33,144 Miles <br> Value Per KBB, PPV | | | | | |
| | | | | | Value $                           22,776.00 | | | | 18,009.00 | 0.00 |
| Account No. <br><br> MB Financial <br> 475 E. 162 Street <br> South Holland, IL 60473 | | | | | Additional Notice Sent To: <br> MB Financial Services | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| 2   continuation sheets attached | | | | | Subtotal <br> (Total of this page) | | | | 166,139.00 | 0.00 |

Case 14-21258   Doc 1   Filed 06/05/14   Entered 06/05/14 17:28:04   Desc Main
Document      Page 17 of 50

R6D (Official Form 6D) (12/07) - Cont.

In re   Brian Scott Smego,          Case No. _____
        Melanie Diane Lee Smego

                                         Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | C | | | | | | |
| Account No. | | | | | | | | | | |
| MB Financial 4800 N. Western Avenue Chicago, IL 60625 | | | | | Additional Notice Sent To: MB Financial Services | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| MB Financial Services 800 West Madison Street Chicago, IL 60607 | | | | | Additional Notice Sent To: MB Financial Services | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| Account No. xxxxxxx4289 | | | | | Opened 4/01/14 Last Active 5/13/14 | | | | | |
| Nissan Infiniti Attn: Bankruptcy 8900 Freeport Parkway Irving, TX 75063 | | H | | | Vehicle Lease 2014 Infinity Q50 with 6,000 Miles (Lease) Value Per KBB, PPV | | | | 25,863.00 | 0.00 |
| | | | | | Value $          46,355.00 | | | | | |
| Account No. | | | | | | | | | | |
| Nissan Motor Acceptance * Po Box 660360 Dallas, TX 75266 | | | | | Additional Notice Sent To: Nissan Infiniti | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| Account No. xxxxxxxxx8691 | | | | | Opened 7/01/06 Last Active 10/01/13 First Mortgage 142 N. Caroline Avenue Elmhurst, Illinois 60126 Single Family Dwelling Purchased in July 2006 (Purchase Price $650,000.00) Value Per Comps | | | | | |
| Select Portfolio Servicing 3815 SW Temple Salt Lake City, UT 84165 | | J | | | | | | | 519,999.00 | 0.00 |
| | | | | | Value $          660,000.00 | | | | | |

Sheet __1__ of _2_ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal           545,862.00       0.00
(Total of this page)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

Case 14-21258    Doc 1    Filed 06/05/14    Entered 06/05/14 17:28:04    Desc Main
Document        Page 18 of 50

B6D (Official Form 6D) (12/07) - Cont.

In re    Brian Scott Smego,                                        Case No. _____
         Melanie Diane Lee Smego

                                                        Debtors

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. | | | | | | | | | | |
| Select Portfolio Servicing PO Box 65250 Salt Lake City, UT 84165 | | | | | Additional Notice Sent To: Select Portfolio Servicing | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |

Sheet  2  of  2   continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | 0.00 | 0.00 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 712,001.00 | 0.00 |

Case 14-21258    Doc 1    Filed 06/05/14    Entered 06/05/14 17:28:04    Desc Main
Document    Page 19 of 50

B6E (Official Form 6E) (4/13)

In re    **Brian Scott Smego,**                                                    Case No. _____
         **Melanie Diane Lee Smego**
                                                    Debtors

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

---

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**0** continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   **Brian Scott Smego,**
        **Melanie Diane Lee Smego**                                    Case No. _____

                                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. xxxxxxxxxxxx6771 | | | | | Opened 1/01/08 Last Active 4/25/14 Credit Card | | | | |
| Chase * ATTN: Bankruptcy Department P.O. Box 15298 Wilmington, DE 19850 | | H | | | | | | | 3,207.50 |
| Account No. | | | | | | | | | |
| Chase * 3415 Vision Drive Mail Code OH4-7142 Columbus, OH 43219 | | | | | Additional Notice Sent To: Chase * | | | | Notice Only |
| Account No. xxxxxxxxxx2613 | | | | | Credit Card | | | | |
| Chase * ATTN: Bankruptcy Department P.O. Box 15298 Wilmington, DE 19850 | | | W | | | | | | 4,000.00 |
| Account No. | | | | | Notice Only | | | | |
| Equifax Information Services, LLC 1550 Peachtree Street NW Atlanta, GA 30309 | | | J | | | | | | 0.00 |
| __1__   continuation sheets attached | | | | | | Subtotal (Total of this page) | | | 7,207.50 |

Case 14-21258  Doc 1  Filed 06/05/14  Entered 06/05/14 17:28:04  Desc Main
Document      Page 21 of 50

B6F (Official Form 6F) (12/07) - Cont.

In re    **Brian Scott Smego,**
         **Melanie Diane Lee Smego**

Case No. _____

_____
Debtors

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Experian Information Solutions, Inc.**<br>**475 Anton Boulevard**<br>**Costa Mesa, CA 92626** | | J | **Notice Only** | | | | 0.00 |
| Account No.<br><br>**Trans Union LLC**<br>**1561 E. Orangethorpe Avenue**<br>**Fullerton, CA 92831** | | J | **Notice Only** | | | | 0.00 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __1__ of __1__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal<br>(Total of this page) | 0.00 |
| Total<br>(Report on Summary of Schedules) | 7,207.50 |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Case 14-21258   Doc 2   Filed 06/05/14   Entered 06/05/14 17:28:22   Desc Main
Document   Page 1 of 5

Model Plan
11/22/2013

Trustee: ☐ Marshall   ☐ Meyer
☒ Stearns   ☐ Vaughn

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No. |
| | ) | |
| Brian Scott Smego | ) | |
| Melanie Diane Lee Smego | ) | |
| | ) | |
| Debtors. | ) | Original Chapter 13 Plan, dated June 3, 2014 |

☒   A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is 2 ; (b) their ages are 40, 41, 7 ; (c) total household monthly income is $ 14,185.36 ; and (d) total monthly household expenses are $ 8,431.00 , leaving $ 5,754.36 available monthly for plan payments.

2. The debtor's Schedule J includes $ N/A for charitable contributions; the debtor represents that the debtor made substantially similar contributions for N/A months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**1**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**Section C.**
*Direct payment of claims by debtor*

☒ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J— increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor:  -NONE-  _____ , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ 1,277.00  monthly for  6  months [and $ monthly for an additional   months], for total payments, during the initial plan term, of $ 7,662.00 . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☒The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disburse-ments by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at 5.00% of plan payments; and during the initial plan term, totaling $ 383.10 . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

-NONE-

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ 0.00 . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor): **(Except as stated in Section G. below.)**

-NONE-

2

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __0.00__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section. -NONE-

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __0.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage. -NONE-

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim: __-NONE-__ shall be paid at __N/A__ % of the allowed amount. The total of all payments to this special class is estimated to be $ __N/A__ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: __N/A__ .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☒ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than __N/A__ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest.* ☐ Interest shall not be paid on unsecured claims /or/ ☒ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of __3.25__ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims

3

listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
***Special***
***terms***

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
***Summary***
***of pay-***
***ments to***
***and from***
***the***
***trustee***

(1) Total payments from the debtor to the Chapter 13 trustee
(subject to Paragraph 2 of Section D) ................................................ $ ___7,662.00___

(2) Estimated disbursements by the trustee for non-GUCs
(general unsecured claims):

| | | |
|---|---|---|
| (a) Trustee's fees | $ | 383.10 |
| (b) Current mortgage payments | $ | 0.00 |
| (c) Payments of other allowed secured claims | $ | 0.00 |
| (d) Priority payments to debtor's attorney | $ | 0.00 |
| (e) Payments of mortgage arrears | $ | 0.00 |
| (f) Payments of non-attorney priority claims | $ | 0.00 |
| (g) Payments of specially classified unsecured claims | $ | 0.00 |
| (h) Total *[add Lines 2a through 2g]* | $ | 383.10 |

(3) Estimated payments available for GUCs and interest
during initial plan term *[subtract Line 2h from Line 1]* ........ $ ___7,278.90___

(4) Estimated payments required after initial plan term:

| | | |
|---|---|---|
| (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ | 7,207.50 |
| (b) Minimum GUC payment percentage | | 100 % |
| (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ | 7,207.50 |
| (d) Estimated interest payments on unsecured claims | $ | 68.46 |
| (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ | 7,275.96 |
| (f) Payments available during initial term *[enter Line 3]* | $ | 7,278.90 |
| (g) Additional payments required *[subtract Line 4f from Line 4e]* | $ | -2.94 |

(5) Additional payments available:

| | | |
|---|---|---|
| (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ | N/A |
| (b) Months in maximum plan term after initial term | | N/A |
| (c) Payments available *[multiply line 5a by line 5b]* | $ | N/A |

**Section I.**
***Payroll***
***Control***

☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures   Debtor(s) [Sign only if not represented by an attorney]**

4

Date _____

**Debtor's Attorney**    /s/ Nathan Volheim    Date June 3, 2014

*Attorney Information*
*(name, address,*
*telephone, etc.)*

| |
|---|
| Nathan Volheim |
| Sulaiman Law Group, Ltd. |
| 900 Jorie Boulevard |
| Suite 150 |
| Oak Brook, IL 60523 |
| 630-575-8181 |
| Fax: 630-575-8188 |

## Special Terms *[as provided in Paragraph G]*

Special Intentions:

1. Debtors are surrendering the real property located at 142 N. Caroline, Elmhurst, Illinois to Select Portfolio Servicing and JPMorgan Chase in full satisfaction of their claims.

2. Debtors shall make direct payments to Nissan Infiniti for the 2014 Infinity Q50. Nissan Infiniti is authorized to send monthly statements directly to the Debtors.

3. Debtors shall make direct payments to MB Financial Services for the 2011 Mercedes Benz GLK 350. MB Financial Services is authorized to send monthly statements directly to the Debtors.

4. Unsecured claims filed after the claim bar date shall not be paid by the Chapter 13 Trustee.

5. Debtor shall assume the residential lease.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy







**ComEd.**
An Exelon Company

Issued 6/2/15    Account # ████1095


**Payment Deducted on 6/24/15    $78.20**

**SERVICE FROM 5/1/15 THROUGH 6/2/15** (32 DAYS)
Residential - Single

Brian Smego
235 Oneida Ave
Elmhurst, IL 60126
312.240.1518

Thank you for your payments totaling $74.89.

## TOTAL USAGE (kWh)

2014          2015



JUN JUL AUG SEP OCT NOV DEC JAN FEB MAR APR MAY JUN
Current month's reading is actual.
*Non-regular Billing Period

## AVERAGE DAILY USE (monthly usage/days in period)

**165**

| Last Month | 50° avg. temp | Last Year |
|---|---|---|
| **15.9** kWh | | Not Available |

Ten 100W light bulbs for 1 hour = 1 kWh

## CURRENT CHARGES SUMMARY
See reverse side for details ➤


**SUPPLY**
$36.89

ComEd provides your energy.

ComEd.com
1.800.334.7661

You can choose at Pluginillinois.org


CURRENT CHARGES
**$78.20**

**DELIVERY**
$33.47

ComEd delivers electricity to your home.

ComEd.com
1.800.334.7661

**TAXES & FEES** $7.84

Return only this portion with your check made payable to ComEd. Please write your account number on your check.


An Exelon Company

17828 2 AV 0.358  57266178286914-63 057 03-00040A   146788C 66013018
BRIAN SMEGO
235 E ONEIDA AVE
ELMHURST IL  60126-4511

**Pay your bill online, by phone or by mail.**
See reverse side for more info ➤

Account # ████095

**Payment Deducted on 6/24/15    $78.20**

Payment Amount:

COMED
PO BOX 6111
CAROL STREAM, IL 60197-6111